[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Schindler Elevator Corporation has moved to strike the eighth and ninth counts of the plaintiff's revised amended complaint dated November 20, 1998. The undersigned had previously granted Schindler's motion to strike the eighth and ninth counts of the plaintiff's original complaint. The plaintiff then filed an amended complaint, on September 21, 1999 within the time period contemplated by Practice Book § 10-44. It is the revised amended complaint filed on November 20, 1998, however, that is the subject of the present motion to strike.
The factual contours of the case and the basis for striking counts eight and nine of the original complaint are set forth in this court's memorandum of decision dated September 10, 1998. The question before the court at this time is whether the revisions to the two counts in question are sufficient to overcome the hurdles that led to the granting of the previous motion to strike.
A comparison of the eighth count in the original complaint and that in the revised amended complaint reveals that the plaintiff has added allegations that the defendant was "aware that the premises served as housing for elderly persons who relied upon the use of the elevators therein for means of access to their homes" and that it was "contractually obligated to . . . examine, lubricate, adjust . . . repair or replace . . . interlocks and door closures . . . limit, landing and slow down switches . . . and door protective devices." The plaintiff also has now alleged that the defendant was further obligated to "provide emergency minor adjustment call back service" and that, prior to the date of the plaintiff's injury, it "became aware that the elevators had injured others and posed an unreasonable risk of harm to the plaintiff and other elderly tenants." The plaintiff alleges that despite requests for repair services and/or emergency repair service and despite knowledge that elderly tenants were in grave danger of injury or even death, the defendant "failed or refused to repair the elevator," and that the plaintiff's injuries were thus caused by the "defendant's reckless indifference to the safety of others and/or wanton disregard of the consequences of its actions/inaction." CT Page 1171
The addition of quotations from the contract provisions do not change what is essentially a negligence complaint into one for recklessness. Although the plaintiff argues that she has qualitatively changed her claim by specifically alleging that the defendant knew that the premises was one that served as housing for the elderly who relied on the elevators for access to their home, she has provided no support for the conclusion that such an allegation transforms her negligence count into one of recklessness. Finally, although plaintiff alleges that "upon information and belief" the defendant was aware that the elevators had injured others in the past, such a blanket statement provides no basis for the conclusion that the defendant's allegedly negligent conduct has been rendered reckless.
In short, although the plaintiff has expanded upon the allegations of the original complaint, she has not done so in a way which sets forth a cause of action for reckless misconduct. The motion to strike the eighth count is therefore granted.
As to the ninth count, the plaintiff has also added allegations which, it contends, demonstrates that the plaintiff was an intended third party beneficiary of the service contract between it and the management company. The principal difference between the present version of the ninth count and the original version is the inclusion of allegations that the defendant Schindler knew that the premises "served as housing for elderly persons who relied upon the use of the elevators therein for means of access to their homes." Although there is no question that the elderly occupants of this housing complex needed functioning elevators to gain access to their apartments, there is no qualitative difference between this plaintiff, for example, and a younger resident of a much higher floor in a much taller building. The plaintiff has provided no authority for the conclusion that this difference in age has expanded the contract between an elevator corporation and a building maintenance service corporation into one that includes a resident of an elderly housing complex as a third party beneficiary.
The ninth count, grounded in a claim that the plaintiff is a third party beneficiary of the contract between this defendant and the maintenance company still fails to state a cause of action upon which relief can be granted. The motion to strike this count is therefore also granted. CT Page 1172
In summary, the motion to strike is granted in its entirety.
Jonathan E. Silbert, Judge